IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-00164-D

| | |
|---|---|
| IN RE JOE DENNING & SONS FARMS )<br>Bankruptcy Appeal from Order ) | |
| )<br>)<br>MARJORIE K. LYNCH, )<br>Bankruptcy Administrator, )<br>) | **ORDER** |
| Appellant, ) | |
| )<br>v. ) | |
| )<br>JOE DENNING & SONS FARMS )<br>) | |
| Appellee. ) | |

This case involves whether a third-party auctioneer is an "insider" of the debtor under 11 U.S.C. § 101(31). Third parties having a certain, statutorily defined relationship with a debtor are considered "statutory insiders" under section 101(31) and may not provide professional services to the debtor. Due to section 101(31)'s use of the word "includes," however, the definition of statutory insiders is not exclusive. Accordingly, and semantically odd, third parties having a sufficiently close relationship with a debtor are considered "non-statutory insiders" under section 101(31) and also may not provide professional services to the debtor. The term "non-statutory insider" is semantically odd because both statutory and non-statutory insider statuses are grounded in 11 U.S.C. § 101(31).

The United States Bankruptcy Court for the Eastern District of North Carolina determined that Country Boys Auction and Realty, Inc., ("Country Boys") is not an "insider" of the debtor, Joe Denning & Sons Farms ("Denning & Sons" or "debtor"), under 11 U.S.C. § 101(31) and, therefore, is not disqualified to serve as the bankruptcy estate's auctioneer. The Bankruptcy Administrator has filed this appeal, which focuses on whether Country Boys is a non-statutory insider under 11 U.S.C. § 101(31). As explained below, Country Boys is not a statutory or non-statutory insider under 11

U.S.C. § 101(31). Accordingly, the court affirms the bankruptcy court's judgment.

I.

On August 13, 2010, Denning & Sons, a North Carolina partnership, filed a voluntary bankruptcy petition under Chapter 11 of the bankruptcy code. Voluntary Pet. [D.E. 2-1]. Three days later, Denning & Sons applied to retain Douglas M. Gurkins as its chief restructuring officer ("CRO") [D.E. 2-3]. On September 3, 2010, the bankruptcy court approved Denning & Sons's application. Order Approving CRO [D.E. 2-5]. As CRO, Douglas Gurkins carried "all of the rights, powers and duties of a debtor in possession" under the bankruptcy code. Id. ¶ 5. On December 30, 2010, Denning & Sons sought to employ Country Boys as auctioneer to sell Denning & Sons's assets. Appl. for Approval of Auctioneer [D.E. 2-6]. Country Boys's commission was to be set by local court rules and by a court-established commissions scale. See id. ¶ 5; Mem. Supp. Appl. for Approval of Auctioneer [D.E. 2-9] ¶¶ 3, 5; Appellee Br. [D.E. 11] 13–15 & Attach. 1. No other auction firm was considered for the position. Hr'g Tr. [D.E. 3] 73.

Country Boys is a highly regarded and capable auction company. Nevertheless, on January 20, 2011, the Bankruptcy Administrator objected to the employment of Country Boys, arguing that the company was an "insider" of Denning & Sons under 11 U.S.C. § 101(31). Bankr. Administrator's Objection [D.E. 2-8].

Denning & Sons has no direct connection with Country Boys. See Order Approving Auctioneer [D.E. 2-10] 2–3; Appl. for Approval of Auctioneer ¶ 2. But approximately five and one-half years before Denning & Sons hired Douglas Gurkins as its CRO—and approximately six years before Denning & Sons sought to employ Country Boys as its auctioneer—Douglas Gurkins was the president and principal shareholder of Country Boys. See Suppl. to Appl. for Approval of Auctioneer [D.E. 2-13] ¶¶ 2, 4. In January 2005, Douglas Gurkins resigned as president and transferred all of his shares to his adult son, Michael Gurkins. See Am. to Appl. for Approval of Auctioneer [D.E. 2-7] ¶ 3; Suppl. to Appl. for Approval of Auctioneer ¶¶ 2, 4(c). Michael Gurkins

2

is Country Boys's current president and principal shareholder and is a well-regarded auctioneer. See Am. to Appl. for Approval of Auctioneer ¶ 3; Suppl. to Appl. for Approval of Auctioneer ¶ 4(c). Douglas Gurkins has, however, continued to use a Country Boys email address, see Hr'g Tr. 74, and, until this litigation, was mentioned on the masthead of the company website. See id. 73–74; compare Bankr. Administrator's Objection, Ex. A, with Country Boys Auction & Realty, Inc., Homepage, http://www.countryboysauction.com (last visited Mar. 15, 2012). Furthermore, Douglas Gurkins admitted to the bankruptcy court that he "will always answer a question [from his son] if [his son] come[s] and ask[s]" him. Hr'g Tr. 74. Since resigning from Country Boys and transferring his shares, however, Douglas Gurkins has not "gained anything" or "made any money" from Country Boys. Id. More plainly, since January 2005, Douglas Gurkins has "not accepted one dime's worth of funds from Country Boy's [sic] . . . ." Id. Moreover, the relationship between the Gurkinses and Country Boys was fully disclosed before Denning & Sons selected Country Boys as its auctioneer. See Appl. for Approval of Auctioneer; Am. to Appl. for Approval of Auctioneer; Mem. Supp. Appl. for Approval of Auctioneer; Suppl. to Appl. for Approval of Auctioneer.

On January 25, 2011, the bankruptcy court held a hearing to determine whether Country Boys was an "insider" of Denning & Sons under 11 U.S.C. § 101(31) and should have been disqualified as Denning & Sons's auctioneer. Ruling from the bench that same day, the court determined that Country Boys was not an insider of Denning & Sons and that Denning & Sons could properly employ Country Boys. See Hr'g Tr. 130–33. On February 3, 2011, the bankruptcy court entered a written order approving Country Boys as Denning & Sons's auctioneer. See Order Approving Auctioneer. Following the bankruptcy court's adverse ruling, the Bankruptcy Administrator did not seek to stay the auction. See Docket Sheet [D.E. 2-14] 73–80. The auction proceeded apace, with Country Boys auctioning some of Denning & Sons's personal property on January 27, 2011. See In re Joe Denning & Sons Farms, No. 10-06534-8-JRL, [D.E. 290] (Bankr. E.D.N.C. Feb. 24, 2011); id., [D.E. 291] ¶ 4 (Bankr. E.D.N.C. Feb. 24, 2011); id., [D.E. 321] ¶ 3 (Bankr. E.D.N.C. Mar. 23,

3

2011); Appellee Br. 8–9. The buyers paid their respective purchase prices and took possession of their purchased property. Title was transferred, when necessary. See In re Joe Denning & Sons Farms, No. 10-06534-8-JRL, [D.E. 266] (Bankr. E.D.N.C. Jan. 28, 2011) (ordering that Denning & Sons's personal property be sold free and clear of any liens or other interests); id., [D.E. 291] at 3–21 (Bankr. E.D.N.C. Feb. 24, 2011); Appellee Br. 8. On February 24, 2011, Denning & Sons moved to approve the completed auction of its personal property and to pay Country Boys's commission. In re Joe Denning & Sons Farms, No. 10-06534-8-JRL, [D.E. 291] (Bankr. E.D.N.C. Feb. 24, 2011); see Docket Sheet 77; Appellee Br. 8. The Bankruptcy Administrator did not object. See Docket Sheet 77–80; Appellee Br. 8. On March 23, 2011, the bankruptcy court granted Denning & Sons's motion to approve the personal-property auction, after which Denning & Sons's creditors received their proportionate share of the auction proceeds and Country Boys received its $59,966 commission. See In re Joe Denning & Sons Farms, No. 10-06534-8-JRL, [D.E. 321] (Bankr. E.D.N.C. Mar. 23, 2011); Appellee Br. 8–9. On April 8, 2011, the Bankruptcy Administrator filed a notice of appeal [D.E. 1]. On April 21, 2011, the Bankruptcy Administrator filed an appellate brief in this court. Appellant Br. [D.E. 10]. On May 5, 2011, Denning & Sons responded in opposition to the Bankruptcy Administrator's appellate brief. Appellee Br. [D.E. 11]. On May 19, 2011, the Bankruptcy Administrator replied. Appellant Reply Br. [D.E. 12].

The Bankruptcy Administrator does not allege any wrongdoing on the part of Douglas Gurkins, Michael Gurkins, or Country Boys. Bankr. Administrator's Objection ¶¶ 6–7. "Quite the contrary, the Bankruptcy Administrator has great respect for the credibility and hard work of both Doug and Michael Gurkins." Id. ¶ 7. The Bankruptcy Administrator's objection to Denning & Sons's employment of Country Boys focuses on the potential conflict of interest between Douglas Gurkins and Country Boys, as "the decisions made by Doug Gurkins as CRO may have a direct financial impact on himself and his son." Id. ¶ 6.

4

II.

This case presents two issues: (1) whether the Bankruptcy Administrator's appeal is equitably moot, and, (2) whether Country Boys is a statutory or non-statutory insider of Denning & Sons. This order addresses each in turn.

A.

Initially, Denning & Sons argues that this appeal should be dismissed as equitably moot. Appellee Br. 7–9. This appeal raises the same issues regarding equitable mootness as those presented in Bankruptcy Administrator v. Winslow (In re Winslow), No. 2:11-CV-00015-D, [D.E. 15] (E.D.N.C. Feb. 22, 2012). See id. 5–6. Furthermore, the facts in this case pertaining to equitable mootness are materially indistinguishable from those in In re Winslow. See id. 2–5. Accordingly, on the issue of equitable mootness, the legal analysis presented in In re Winslow applies with equal force to this case. For the reasons provided in In re Winslow, this case is not equitably moot.

B.

As for the insider analysis, a debtor in possession may employ professional persons (such as an auctioneer) to perform various services related to the debtor's bankruptcy. See 11 U.S.C. § 327 (governing a trustee's employment of professionals); id. § 1107(a) (granting debtors in possession the powers and duties provided to trustees under section 327). An employed professional (including an auctioneer), however, must "not hold or represent an interest adverse to the estate, and [must be] disinterested . . . ." Id. § 327(a). Denning & Sons retained Douglas Gurkins as its CRO and, in that capacity, he has "all of the rights, powers and duties of a debtor in possession" under the bankruptcy code. See Order Approving CRO ¶ 5. With the bankruptcy court's approval, Denning & Sons then employed Country Boys as its auctioneer. See Order Approving Auctioneer; Hr'g Tr. 130–33; Appellant Br. 10–13. Country Boys is therefore an employed professional and must be "disinterested." See 11 U.S.C. § 327(a).

5

In relevant part, the bankruptcy code defines a disinterested person as one who is not an insider. Id. § 101(14)(A). When the debtor is a partnership—as is the case here—an insider is (i) a "general partner in the debtor," (ii) a "relative of a general partner in, general partner of, or person in control of the debtor," (iii) a "partnership in which the debtor is a general partner," (iv) a "general partner of the debtor," or (v) a "person in control of the debtor . . . ." Id. § 101(31)(C). Furthermore, a relative is any "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." Id. § 101(45). Any professional person who fits into one of these enumerated categories is a "statutory insider" of the debtor and, therefore, interested. A debtor in possession cannot employ these professionals under section 327.

The bankruptcy court found, and the Bankruptcy Administrator concedes, that Country Boys falls outside the section 101(31)(C) categories and is not a "statutory insider" of Denning & Sons. Order Approving Auctioneer 2–3; Appellant Br. 15. This court agrees and now addresses whether Country Boys is a non-statutory insider.

On the issue of non-statutory insider status, this appeal raises the same issues as those presented in In re Winslow. In re Winslow, No. 2:11-CV-00015-D, [D.E. 15] 10–15; see Three Flint Hill Ltd. P'ship v. Prudential Ins. Co. (In re Three Flint Hill Ltd. P'ship), 213 B.R. 292, 298–301 (D. Md. 1997) (indicating that the same non-statutory insider analysis applies to both individual and partnership debtors); see also In re Greenwood Point, LP, 445 B.R. 885, 897 (Bankr. S.D. Ind. 2011) (same). Furthermore, the facts in this case pertaining to non-statutory insider status are materially indistinguishable from those in In re Winslow. See In re Winslow, No. 2:11-CV-00015-D [D.E. 15] 2–5. Accordingly, on the issue of non-statutory insider status, the legal analysis presented in In re Winslow applies with equal force to this case. For the reasons provided in In re Winslow, Country Boys is not a non-statutory insider of Denning & Sons.

III.

This case is not equitably moot and Country Boys is not a statutory or non-statutory insider of Denning & Sons. Accordingly, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This 16 day of March 2012.

                                              JAMES C. DEVER III
                                              Chief United States District Judge